# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYLA MEAD,<br><br>    Plaintiff,<br><br>    v.<br><br>MULTI-CHEM GROUP, LLC, et al.,<br><br>    Defendants. | Case No.: 1:13-CV-0186-LJO -JLT<br><br>ORDER TO CATALINA MANZANO TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PRACTICING IN THIS COURT WITHOUT SEEKING MEMBERSHIP |

This matter was initiated in this Court on July 29, 2013 when Defendants removed it from the Kern County Superior Court. (Doc. 1) On July 30, 2013, the Clerk of the Court issued a notice to Catalina Manzano, informing her that she must submit a petition to practice in the Eastern District of California. (Doc. 7). However, she has failed to do so.

Importantly, Local Rule 180(b) restricts practice in this Court only to those who are members. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may impose sanctions for failure to comply with its local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 2995) (dismissal for the plaintiff's failure to comply with local rules).

Therefore the Court **ORDERS**:

1. Within 14 days of the date of service of this order, Catalina Manzano **SHALL** show cause in writing why sanctions should not be imposed for her failure to comply with Local Rule 180;

1       2.      Alternatively, within this same 14-day period, Catalina Manzano **SHALL** petition for membership to this Court; and

2       3.      The Clerk of the Court is DIRECTED to provide Ms. Manzano with this order and a copy of "Petition by Attorney for Admission/ECF Registration/Consent to Electronic Service."

IT IS SO ORDERED.

Dated:   **November 4, 2013**              /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE