# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYLA MEAD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MULTI-CHEM GROUP, LLC, et al.<br><br>　　　　　Defendants. | Case No.: 1:13-cv-01186 - LJO - JLT<br><br>ORDER TO PLAINTIFF TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR HER FAILURE TO PROSECUTE THIS ACTION, HER FAILURE TO APPEAR AT THE SCHEDULING CONFERENCE AND FAILURE TO COMPLY WITH THE COURT'S ORDER |

　　　　Kayla Mead ("Plaintiff") initiated an action against Multi-Chem Group, LLC and Haliburton Energy Services, Inc., in Kern County Superior Court.  However, since the removal of the action to this Court, Plaintiff has not taken any action to prosecute the action, failed to file a scheduling conference report and failed to appear at the Court's scheduling conference on November 12, 2013.

　　　　On July 30, 2013, the Court issued its "Order Setting Mandatory Scheduling Conference," which "ordered that [the parties] appear for a formal Scheduling Conference…" (Doc. 3 at 1).  The Court explained: "Attendance at the Scheduling Conference is *mandatory* upon each party not represented by counsel or, alternatively, by retained counsel." (*Id*. at 2) (emphasis in original).  Further, the parties were ordered to prepare a Joint Scheduling Report and file this report one week prior to the Scheduling Conference. (*Id.*)

　　　　On October 5, 2013, Defendants filed a Scheduling Report, informing the Court that they met and conferred with Plaintiff's counsel "and provided Plaintiffs' counsel with a proposed Joint Rule

26(f) Report." (Doc. 8 at 1). However, "just prior to the Parties' deadline to submit the report Plaintiff's counsel advised Defendants' counsel that she was ill and needed additional time to review the proposed Joint Rule 26(f) Report." (*Id.* at 1-2). Notably, however, Plaintiff's counsel did not notify the Court of her illness or seek leave of the Court for an extension of time or continuance of the Scheduling Conference.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause within 14 days of the date of service of this Order why sanctions, up to and including terminating sanctions, should not be imposed for her failure to appear at the Court's Scheduling Conference and failure to comply with the Court's order.

IT IS SO ORDERED.

Dated:   **November 12, 2013**          **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE

2