# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYLA MEAD,<br><br>    Plaintiff,<br><br>    v.<br><br>MULTI-CHEM GROUP, LLC, et al.<br><br>    Defendants. | Case No.: 1:13-cv-01186 - LJO - JLT<br><br>FINDINGS AND RECOMMENDATION THAT THE ACTION BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDERS |

Kayla Mead ("Plaintiff") initiated an action against Multi-Chem Group, LLC and Haliburton Energy Services, Inc., in Kern County Superior Court.  However, since the removal of the action to this Court, Plaintiff has not taken any action to prosecute the action and failed to appear at the Court's scheduling conference on November 12, 2013.  Because Plaintiff failed to prosecute this action and failed to comply with the Court's orders, it is hereby recommended that the action be **DISMISSED WITH PREJUDICE**.

**I.     Procedural History**

Defendants Multi-Chem Group LLC and Haliburton Energy Services, Inc. removed this action from Kern County Superior Court on July 29, 2013, thereby initiating the matter in this Court. (Doc. 1.) On July 30, 2013, the Clerk of the Court issued a notice to Plaintiff's counsel Catalina Manzano, informing her that she must submit a petition to practice in the Eastern District of California.  (Doc. 7.) However, she failed to do so.  Therefore, on November 4, 2013, the Court issued an order to Ms.

1

Manzano to show cause why sanctions should not be imposed for her practicing in this Court without seeking membership, in violation of Local Rule 180(b) which restricts practice in this Court only to those who are members.  (Doc. 7.)  Ms. Manzano was ordered to either show cause why sanctions should not be imposed or, in the alternative, to petition for membership to the Court within fourteen days of the date of service, or no later than November 19, 2013.  (Doc. 7 at 1-2.)  Ms. Manzano has failed to comply with or otherwise respond to the Court's Order.

In addition, on July 30, 2013, the Court issued its "Order Setting Mandatory Scheduling Conference," which "ordered that [the parties] appear for a formal Scheduling Conference…" (Doc. 3 at 1).  The Court explained: "Attendance at the Scheduling Conference is *mandatory* upon each party not represented by counsel or, alternatively, by retained counsel." (*Id*. at 2) (emphasis in original).  Further, the parties were ordered to prepare a Joint Scheduling Report and file this report one week prior to the Scheduling Conference. (*Id.*)

On October 5, 2013, Defendants filed a Scheduling Report, informing the Court that they met and conferred with Plaintiff's counsel "and provided Plaintiffs' counsel with a proposed Joint Rule 26(f) Report."  (Doc. 8 at 1.)  However, "just prior to the Parties' deadline to submit the report Plaintiff's counsel advised Defendants' counsel that she was ill and needed additional time to review the proposed Joint Rule 26(f) Report."  (*Id.* at 1-2.)  Notably, however, Plaintiff's counsel did not notify the Court of her illness or seek leave of the Court for an extension of time or continuance of the Scheduling Conference.   Therefore, the Court issued a second order to show cause to Plaintiff on November 12, 2013, directing her to show cause why sanctions, including dismissal of the action with prejudice, should not be imposed for her failure to prosecute the action, failure to appear at the Scheduling Conference, and failure to comply with the Court's order.  (Doc. 12.)  Plaintiff was directed to respond within fourteen days of service, or no later than November 26, 2013.  (*Id.* at 2.)  Again, Plaintiff failed to respond to the Court's order.

**II.     Failure to Prosecute and Obey the Court's Orders**

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  LR 110.  "District courts have inherent

power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based upon a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Chambers v. NASCO, Inc.,* 501 U.S. 32, 44, (1991) (recognizing a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order).

### III.     Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in resolving this litigation. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"). Similarly, the Court's has an interest in managing its docket, given that the Eastern District of California is one of the busiest federal jurisdictions in the United States and its District Judges carry the heaviest caseloads in the nation. Because Plaintiff has shown no interest in prosecuting her claims and failed to comply with the Courts Orders, the Court's interest in managing its docket weighs in favor of dismissal. *See Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). In addition, the risk of prejudice to the defendants weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

In the Order to Show Cause dated November 12, 2013, the Court warned the matter may be dismissed with prejudice for "failure to prosecute an action or failure to obey a court order, or failure

3

to comply with local rules." (Doc. 12 at 2.) The Court's warning to Plaintiff that her failure to comply would result in dismissal satisfies the requirement that the Court consider less drastic measures. *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424. Thus, Plaintiff had adequate warning that dismissal would result from her failure to prosecute the action. Given these facts, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

## IV. Findings and Recommendations

Plaintiff's counsel has failed to comply with the Local Rules, and failed to comply with the Court's order dated November 4, 2013 to petition for membership in this Court (Doc. 7). In addition, Plaintiff has failed to prosecute this action and failed to comply with the Court's Order Setting Mandatory Scheduling Conference (Doc. 3) and Order to Show Cause dated November 12, 2013 (Doc. 12). The factors set forth by the Ninth Circuit weigh in favor of dismissal of the action.

Accordingly, **IT IS HEREBY RECOMMENDED**:

1. This action be **DISMISSED WITH PREJUDICE**; and
2. The Clerk of Court be DIRECTED to close this action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these Findings and Recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 27, 2013**                    **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE

4